UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ELDER CLINTON DIAZ ZACARIAS,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary of the United States Department of Homeland Security; SAMUEL OLSON, Interim Director of United States Immigration and Customs Enforcement Chicago Field Office; and BRIAN ENGLISH, Warden of Miami Correctional Facility,<br><br>Respondents. | CAUSE NO. 3:26-CV-130 DRL-SJF |

ORDER TO SHOW CAUSE

Immigration detainee Elder Clinton Diaz Zacarias, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Diaz Zacarias alleges he is a citizen of Guatemala who entered the United States when he was a juvenile. He asserts that he filed a special immigrant juvenile petition with the United States Citizenship and Immigration Services (USCIS), which was granted in 2020.[1] He says his removal

---

[1] The special immigrant juvenile program (SIJ) was created in the 1990s to prevent "hardships experienced by some dependents of United States juvenile courts by providing qualified aliens with the opportunity to apply for special immigrant classification and lawful permanent resident status, with possibility of becoming citizens of the United States in the future." 58 Fed. Reg. 42843-01 (Aug. 12, 1993). The program has evolved over the years. *See A.O. v. Cuccinelli,* 457 F. Supp.3d 777, 784 (N.D. Cal. 2020). Under the current SIJ statute, applicants must be (1) under 21 years of age; (2) unmarried; (3) "declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in

proceedings were dismissed without prejudice in January 2024; and, in November 2024, he filed an application for lawful permanent resident status, which remains pending with USCIS. He claims that, in December 2025, he was taken into custody by agents of United States Immigration and Customs Enforcement (ICE) without prior notice or process and was transferred to Miami Correctional Facility (MCF), where he remains today.

Mr. Diaz Zacarias argues that the government has wrongfully concluded that his detention is authorized by 8 U.S.C. § 1225(b)(2). He argues that 8 U.S.C. § 1225(b)(2) applies to people arriving at ports of entry, whereas he entered the United States prior to 2020, was granted relief by USCIS, and was later arrested within the interior of the country. He further argues that his detention is also not authorized by 8 U.S.C. § 1226(a). In his view, his "detention was unlawful from its inception because ICE detained [him] under the wrong statute without any notice or opportunity to be heard, much less the procedures required by section 1226(a)." He states that to his knowledge there are no removal proceedings currently pending against him, meaning he is likely to be detained for a lengthy period, and that his detention violates applicable statutes and Fifth Amendment due process. He seeks an order requiring that he be immediately released from custody or, alternatively, provided a bond hearing within five days at which the government bears the burden of proving "by clear and convincing evidence that [he] poses a danger or flight risk."

---

the United States;" (4) receive a finding that "reunification with [one] or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;" and (5) receive a determination "in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence." 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J).

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Diaz Zacarias alleges that his detention is not authorized by applicable statutes and violates due process. The court has jurisdiction to consider these issues.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined by the court, and in many other courts across the country. Specifically, the court has joined an overwhelming majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who were apprehended in the interior of the United States years after arrival, when as "applicants for admission" they are not also "seeking admission" within the statute's meaning. *See De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.) ), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). Notably, the Seventh Circuit recently concluded on an application for a stay pending appeal that the government was unlikely to succeed on the merits of its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

To the extent respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *De Jesús Aguilar*, and *Singh*, there is no need to rehash these same arguments. The respondents can preserve them and the court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Finally, he includes two respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. Therefore, he will be ordered to show cause why all respondents other than Warden Brian English should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago Immigration and Customs Enforcement Field Office at the Office of the Principal Legal Advisor; (d) the Secretary of the Department of Homeland Security, at the Office of General Counsel; and (e) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the respondents listed in the previous order line to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) ORDERS such respondents to file an answer to the petition by **February 11, 2026**, addressing petitioner's arguments that he is being illegally detained and providing relevant immigration records, including but not limited to any administrative warrant issued for his arrest pursuant to 8 U.S.C. § 1226(a) and any current removal proceedings pending against him; and

(5) GRANTS the petitioner until **February 18, 2026,** to file a reply in support of his petition, and to show cause why the respondents beyond the custodial warden should not be immediately dismissed as improper parties.

SO ORDERED.

February 4, 2026                              *s/ Damon R. Leichty*
                                              Judge, United States District Court